(October 22, 1959)

■ DIXON REALTY CO., INC., Respondent, v. COMMERCIAL AFFILIATES, INC., Appellant, et al., Defendants.

Appeal from an order of the Supreme Court at Special Term, entered December 16, 1958, in New York County, which granted a motion by plaintiff for summary judgment striking out appellant's answer and designating a Referee to hear and report as to the amount of damages.

MEMORANDUM BY THE COURT. The order insofar as appealed from, should be reversed on the law, and the plaintiff's motion for summary judgment on the first and second causes of action and for the appointment of a Referee denied, with costs to the appellant.

The answering affidavits present issues of fact that must be tried and in the circumstances summary judgment should not have been granted. The plaintiff, having acquired the mortgages sought to be foreclosed by assignment, takes subject to any defenses that may be properly asserted against its assignor. The defendant urges that an agreement was entered into between the defendant and the plaintiff's assignor, whereby the plaintiff's assignor in consideration of the defendant allowing him to take control and manage the properties agreed to "invest and expend the necessary money to maintain the premises * * * as may be necessary to prevent foreclosure". The plaintiff denies such arrangement but asserts that in taking possession of the properties as mortgagee its assignor merely agreed to apply the net income towards the outstanding obligations and that he made no agreement to invest any of his own funds for that purpose. We cannot determine from an examination of the document which authorized the plaintiff's assignor to take possession and under which he did take possession which version is the correct one.

The document is ambiguous and testimony should be taken to determine the intention of the parties. Until the intention of the parties has been determined their respective obligations cannot be fixed.

Moreover, the answering affidavits raise a question as to whether the mortgages sought to be foreclosed are actually in default. The pleadings do not properly raise that issue, but it is the affidavits that govern in a motion for summary judgment. The plaintiff does not make a clear showing of a default. The affidavits in support of the motion give no data as to the net income which might be available for payments on the mortgage. In the light of the defendant's denial and considering that the facts with respect to such default are peculiarly within the knowledge of the plaintiff summary judgment should not be granted.

McNALLY, J. (dissenting). In this action to foreclose a mortgage on real property, the order granting plaintiff summary judgment should be affirmed.

The answer denies the amount of debt and sets up a counterclaim for a judgment declaring the rights of the plaintiff and the defendant under an agreement whereby plaintiff's assignor undertook to operate the premises and "invest and expend the necessary money to maintain the premises, pay taxes, insurance and conditional sales obligations and make such arrangements with mortgagees including such payments as may be necessary to prevent foreclosure." On this record the writing of October 25, 1957 cannot possibly be construed to make out a promise on the part of plaintiff not to foreclose its second mortgage. The said writing makes no distinction between "conditional sales obligation" and other specified maintenance expenses, i.e., taxes, insurance and other expenses. The writing does not create an obligation to pay conditional sales obligations and towards that end to supplement the rents to the extent they are inadequate therefor. If the absolute obligation to satisfy conditional sales obligations is present, then we must conclude ·that a similar obligation is present in regard to taxes, insurance and other maintenance charges, which is tantamount to an agreement perpetually not to foreclose and, in addition, to satisfy the defendant's personal obligation in respect of outstanding conditional sales affecting the premises. This extreme result, on this record, was not the intention of the parties, and in no aspect does the instrument spell out such intention. Reasonably read, the agreement was one to initially apply rents towards cost of maintenance of the mortgaged premises, inclusive of conditional sales obligations, and the surplus, if any, to plaintiff's mortgage. Beyond that, the terms and conditions of the plaintiff's bond and mortgage subsisted.

Botein, P. J., Breitel and Rabin, JJ., concur in Memorandum by the Court; McNally, J., dissents in opinion in which M. M. Frank, J., concurs.

Order insofar as appealed from, reversed on the law, and the plaintiff's motion for summary judgment on the first and second causes of action and for the appointment of a Referee is denied, with costs to the appellant.